IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

HERSHEL J. PAXTON, JR.                                              PLAINTIFF

    v.                          CIVIL NO. 05-3064

LINDA S. MCMAHON,[1] Commissioner
Social Security Administration                                      DEFENDANT

### MEMORANDUM OPINION

Plaintiff Hershel Paxton, Jr., brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on January 6, 2003, alleging an inability to work since April 15, 2002, due to bipolar disorder, major depression, panic attacks, social phobia, personality disorder borderline intellectual functioning and back and neck pain. (Tr. 60-62, 391-394). An administrative hearing was held on November 11, 2004. (Tr. 404-425). Plaintiff was present and represented by counsel.

---

[1] Linda S. McMahon became the Social Security Commissioner on January 20, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Linda S. McMahon has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

AO72A
(Rev. 8/82)

By written decision dated April 15, 2005, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 22). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 22). The ALJ found plaintiff had no physical limitations. With regard to mental limitations, the ALJ determined plaintiff had moderate limitations in the following areas: the ability to understand, remember and carry out detailed instructions; the ability to maintain attention and concentration for extended periods; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms; the ability to perform at a consistent pace without an unreasonable number and length of rest periods; the ability to interact appropriately with the general public; and the ability to set realistic goals and make plans independently of others. The ALJ determined plaintiff obtained the residual functional capacity (RFC) to perform work where interpersonal contact is only incidental to the work performed, where complexity of tasks is learned and performed by rote with few variables, where little judgment is required and where the supervision required is simple, direct and concrete. With the help of vocational expert testimony, the ALJ found plaintiff could perform his past relevant work as a feed mill loader. (Tr. 22).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on October 11, 2005. (Tr. 3-5). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties were afforded the

opportunity to file appeal briefs; however, only defendant chose to do so. (Doc. # 8). This case is before the undersigned pursuant to the consent of the parties.

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3),

AO72A
(Rev. 8/82)

1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case. *Snead v. Barnhart,* 360 F.3d 834, 836-37 (8th Cir.2004). That duty includes seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). The ALJ is also required to recontact medical sources and may order consultative evaluations when the available evidence does not provide an adequate basis for determining the merits of the disability claim. *See* 20 C.F.R. §§ 416.912(e), 416.919a(b). The ALJ's duty to develop the record extends even to cases like plaintiff's, where an attorney represented the claimant at the

administrative hearing. *Id*. It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about his abilities.

We are troubled by the ALJ's failure to request plaintiff's medical records from Ozark Counseling Services (OCS). On December 22, 2004, Ms. Ilona Hughes, LPC, completed a mental residual functional capacity questionnaire sent to OCS by plaintiff's attorney. (Tr. 379-383). Ms. Hughes reported plaintiff did not keep his individual therapy session appointments from October of 2002, through October of 2004, so she was unable to assess how plaintiff might function in a work setting. (Tr. 381). However, Ms. Hughes also referenced medical checks by psychiatrists and crisis intervention contacts for the time period between August of 2003, through November of 2004. Ms. Hughes reported that in November of 2004, plaintiff's treating psychiatrist noted plaintiff had a depressed mood, flat affect and that plaintiff reported isolating himself from others. Ms. Hughes noted that in November of 2004, plaintiff's treating psychiatrist added the diagnosis of personality disorder, not otherwise specified. In determining plaintiff's RFC, the ALJ noted that the last record, dated May 14, 2003, from plaintiff's treating psychiatrist indicated plaintiff was able to work and get things done around the house as long as he was taking all of his medication. In May of 2003, Dr. Jeffrey Collins noted plaintiff was calm and had a neutral mood. (Tr. 243). Dr. Collins diagnosed plaintiff with bipolar II disorder and increased plaintiff's Klonopin and continued plaintiff on Lexapro and Neurontin.

After reviewing the record, we find that the ALJ erred in not requesting the updated medical records from OCS. Ms. Hughes listed dates plaintiff was either seen by a psychiatrist for a medical check or had some contact with OCS due to a crisis intervention. It appears from Ms. Hughes notes that plaintiff's situation and mood may have deteriorated and we find the ALJ

erred in not requesting plaintiff's updated medical records from OCS. While plaintiff should have submitted this evidence, the ALJ still bears the responsibility to fully and fairly develop the record.

We believe remand is warranted so that the ALJ can more fully and fairly develop the record. On remand the ALJ is directed to request plaintiff's medical records from OCS. The ALJ is further directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff– including, Dr. Collins-- asking the physicians to review plaintiff's medical records and complete a mental RFC assessment regarding plaintiff's capabilities during the time period in question. If further development of the record on the issue of plaintiff's mental RFC is necessary, the ALJ may also order a consultative mental exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's mental abilities to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.915.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 6th day of February 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)